CASA DE ESPAÑA DE PUERTO RICO, Petitioner, *v.* TAX COURT OF PUERTO RICO, Respondent.

No. 68. Argued January 14, 1946.—Decided February 14, 1946.

---

*Mariano Acosta Velarde* for petitioner. *E. Campos del Toro, At-torney General,* and *J. B. Fernández Badillo,* Law Clerk of the Department of Justice, for intervener Treasurer of Puerto Rico, respondent in the main proceeding.

Mr. Justice Todd, Jr., delivered the opinion of the court.

On January 9, 1942, the Treasurer of Puerto Rico made demand upon Casa de España de Puerto Rico for the payment of $5,095.94 as property taxes corresponding to the year 1941–42. On February 16, 1942, Casa de España filed an appeal with the Court of Tax Appeals, alleging that its property was exempt from tax payment under subdivision (*e*) of § 291 of the Political Code of Puerto Rico, as amended by Act No. 12 of August 23, 1933 (Laws of 1933, p. 72), because the appellant was an association not for pecuniary profit.

Three years and eight months later, that is, on October 19, 1945, the Tax Court declared itself without jurisdiction because, in its opinion, petitioner's appeal had been filed after the expiration of the term provided by § 309 of the Political Code.

We issued a writ of certiorari in order to review this decision.

 The sole question to be determined is whether § 309 of the Political Code is applicable to the facts of this case. Said Section, as the same was in force on January 9, 1942, in so far as pertinent, read as follows:

"Any person aggrieved by the action of the assessor in relation to the valuation of his property may make written complaint thereof to the said board of review and equalization . . . .; *Provided, however,* That no such complaint or claim shall be considered by said board unless it is presented *within fifteen days* after the aggrieved

taxpayer has been notified by the assessor, as herein provided. of the assessment or re-assessment of his property; . . .'' (Italics ours.)

On January 9, 1942, when Act No. 172 of May 13, 1941 (Laws of 1941, p. 1038), creating the Court of Tax Appeals was already in force, the Board of Review and Equalization had been abolished by § 10 of Act No. 172 which repealed Act No. 75 of August 2, 1923 (Laws of 1923, p. 604), creating said board. See also § 11 of Act No. 172[1] in connection with § 4 which provided as follows:

''The court shall have jurisdiction to revise the assessment and reassessment of personal and real property and *shall take cognizance of all claims which may be brought before it by interested parties, against the decisions of the Treasurer of Puerto Rico which may affect the payment of property taxes,* income taxes, and inheritance taxes. This jurisdiction, however, cannot be pleaded before the court by any person until there has been an administrative decision in the matter on the part of the Treasurer of Puerto Rico, according to law.

''In those proceedings which are not clearly specified by the rules of the court, the provisions of the Code of Civil Procedure which regulate the procedure before the district courts, shall apply. (Italics ours.)

It is obvious, therefore, that on January 9, 1942, petitioner herein could not appeal to the Board of Review and Equalization from the decision of the Treasurer, for said board no longer existed. Neither could the Treasurer comply with the provisions of § 11, *supra,* inasmuch as petitioner's case was not pending before the board. The only body which at that time had exclusive jurisdiction over cases relating to the

---

[1] Section 11 provided:

''The Treasurer of Puerto Rico in his capacity as president ex-officio of the present Board of Review and Equalization created by Act No. 75, of August 2, 1923, as amended by Act No. 46, of April 26, 1928, is hereby authorized and directed to deliver to the Court of Tax Appeals created by this Act, all the material, furniture, books, and all matters pending before the Board of Review and Equalization at present in operation.''

imposition of property, income, or inheritance taxes, was the Court of Tax Appeals.

The Tax Court held, however, that the petitioner should have filed its appeal before the Court of Tax Appeals within the term of 15 days prescribed by § 309 of the Political Code, *supra,* and that by failing to do so said court was precluded from acquiring jurisdiction over the case and so was the respondent court.

Act No. 172 of 1941, *supra,* did not prescribe any term whatsoever within which a taxpayer had to file its complaint or appeal before the Court of Tax Appeals. It was not until the enactment of Act No. 169 of March 15, 1943 (Laws of 1943, p. 600), creating the Tax Court, that under § 3 thereof a 30-day period was fixed for taking an appeal to said court, to be computed from the service of notice of the decision of the Treasurer. We have no doubt that this was done in order to cure the defect in the former Act.

This being so, it was not the intention of the Legislature, upon abolishing the Board of Review and Equalization, to leave in force the procedure established for an appeal to said board and much less the term of 15 days provided by § 309 of the Political Code, when upon creating the Court of Tax Appeals it established a new procedure without providing any term for an appeal to said court.

The decision appealed from must be reversed and the case remanded for further proceedings.